UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON


CIVIL ACTION NO. 06-267-GWU


GREGORY A. SHOEMAKER,                                           PLAINTIFF,


VS:                              <u>MEMORANDUM OPINION</u>


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                     DEFENDANT,


<u>INTRODUCTION</u>

Gregory Shoemaker brought this action to obtain judicial review of an unfavorable administrative decision on his application for Supplemental Security Income (SSI). The case is before the Court on cross-motions for summary judgment.

<u>APPLICABLE LAW</u>

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1.    Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. <u>See</u> 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4.    Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.    Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(I).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs."   20 C.F.R. 404.1521, 416.921.   The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term.  Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985).  The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment,"  Landsaw v. Secretary of Health and Human Services,  803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987).  The plaintiff is said to make out a  prima facie case by proving that she or he is unable to return to this work.  Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir.  1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways that the Commissioner may meet his burden is through

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved.  When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e).  It may often be required for the agency to consult a vocational specialist in such cases.  Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985).  Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe.  Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir.  1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary."    20  C.F.R.  404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b), 416.967(b).  A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual."  20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments."  Varley v. Secretary of Health and Human Services, 820  F.2d 777 (6th Cir.  1987).

### DISCUSSION

The Administrative Law Judge (ALJ) concluded that Shoemaker, a 46 year-old man with a "limited" education and no past relevant work history, suffered from impairments related to a degenerative disc disease of the thoracic and lumbar spine, a history of chronic back and bilateral hip/lower extremity pain/numbness, post-traumatic arthritis of the left elbow, and alcohol dependence in remission.  (Tr. 13, 19).  Despite the plaintiff's impairments, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 21).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 22).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 20).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the current record also does not mandate an immediate award of SSI. Therefore, the Court must grant the plaintiff's summary judgment motion, in so

far as it seeks a remand of the action for further consideration, and deny that of the defendant.

The ALJ erred in evaluating the evidence related to Shoemaker's mental condition.  The only mental limitations included in the hypothetical question were a need to avoid contact with the public and restriction to jobs requiring only simple, one or two step instructions.  (Tr. 526).  Dr. Kevin Eggerman was the only mental health professional to examine the claimant.  Dr. Eggerman noted the existence of additional mental restrictions, including a "mild to moderate" restriction concerning dealing with supervisors and co-workers as well as responding appropriately to changes in a routine work setting and a "moderate" restriction concerning responding to work pressures in a usual work setting which were not presented to the vocational expert.  (Tr. 156).  Thus, this opinion does not support the administrative decision.

Psychologists Edward Ross (Tr. 159) and Ilze Sillers (Tr. 251), the non-examining medical reviewers, each opined that Shoemaker did not suffer from a "severe" mental impairment.  An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for his differing opinion.  Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994).  In the present action, Sillers merely affirmed the earlier opinion of Ross without citing any reasons and, so, her opinion cannot be used to support the administrative decision.  Ross failed to cite any reasons why he did not believe Dr. Eggerman's limitations were well-supported.  (Tr. 171).  Therefore, these opinions cannot be used to support administrative decision.

The defendant argues that the omission from the hypothetical question of these additional mental limitations was harmless because the ALJ did not rely upon Dr. Eggerman.    Certainly, the ALJ did not rely upon Dr. Eggerman.

6

However, this action was erroneous since he was the only examining mental health professional and his opinion was not properly offset by those of the non-examining medical reviewers.  If the ALJ did not believe the doctor's limitations were appropriate, he should at least have sought the advice of a medical advisor who <u>addressed</u> this opinion.

The defendant also asserts that the ALJ found that Shoemaker's mental problems did not constitute a "severe" impairment and, so, these limitations were not binding.  The ALJ stated in his decision that the only mental health problem indicated by Dr. Eggerman's report was substance abuse that was now in remission.[1]   (Tr. 17).   However, the examiner also diagnosed a personality disorder.  (Tr. 156).  In view of the fact that the alcohol abuse problem was reported by Dr. Eggerman to be in full remission, presumably the physician's restrictions relate to the personality disorder.

The defendant also argues that no severe mental impairment is indicated by Dr. Eggerman's report because the examiner rated Shoemaker's Global Assessment of Functioning (GAF) at 60 to 65.  (Tr. 156).  Such a GAF rating suggests the existence of "mild to moderate" psychological symptoms according the American Psychiatric Association's <u>Diagnostic and Statistical Manual for Mental of Mental Disorders</u> (4th Ed.-Revised, 1994).   "Mild to moderate" restrictions were exactly what Dr. Eggerman imposed in his report.  Therefore, Court must reject the defendant's argument.

The undersigned concludes that the administrative decision must be

---

[1]An amendment enacted in 1996 to the Social Security Act, codified at 42 U.S.C. Section 423(d)(2)(C) provides that "An individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would [but for this subparagraph] be a contributing factor material to the Commissioner's determination that the individual is disabled."

reversed and the action remanded to the Commissioner for further consideration. Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as such relief is achieved, and deny that of the defendant.   A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 10th day of April, 2007.

**Signed By:**

_**G. Wix Unthank**_

**United States Senior Judge**

8